**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re:

FILIGREE WIDESLAB
OF FLORIDA, INC.,

       Debtor.

_____/

KENNETH WELT, as Chapter 7 Trustee
For the bankruptcy estate of FILIGREE
WIDESLAB, INC.,

       Plaintiff,

v.

FAIRBROTHER TRANSPORT, INC.,
BRET R. FAIRBROTHER,
and
ROBERT FAIRBROTHER,

       Defendants.

_____/

Case No. 14-11950-RBR

Chapter 7

ADV. NO.:

## COMPLAINT

    Kenneth Welt, as Trustee of the Chapter 7 Bankruptcy Estate of Filigree Wideslab of Florida, Inc. (the "Trustee") files this complaint against Fairbrother Transport, Inc. ("Fairbrother Transport"), Bret R. Fairbrother, and Robert Fairbrother (collectively referred to as the "Fairbrothers"), and alleges as follows:

    1.    Filigree Wideslab of Florida, Inc. (the "Debtor"), is a debtor under the provisions of Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), having filed a voluntary petition for relief on January 28, 2014 (the "Petition Date").

2.      The Trustee is the duly appointed and authorized trustee of the Debtor's Chapter 7 bankruptcy estate.

3.      Fairbrother Transport, Inc. is a Florida corporation located in Broward County, Florida.

4.      Bret R. Fairbrother is an individual residing in Broward County, Florida

5.      Robert Fairbrother is an individual residing in Broward County, Florida.

6.      This Court has jurisdiction of this adversary proceeding pursuant to 28 U.S.C. §§157(b) and 1334(b). This is a core proceeding as under 28 U.S.C. §157(b)(2)(B), (F), (H) and (O).

7.      Venue is proper in this Court pursuant to 28 U.S.C. §1409(a).

## PRELIMINARY SUMMARY OF ACTION

8.      The Debtor was a Florida corporation primarily engaged in the construction business. The Defendants are all former officers/principals of the Debtor and/or closely related entities. As further described below, the Defendants all issued pre-petition "loans" to the Debtor, whose outstanding balances currently compose the largest body of claims against the Debtor's estate by far. As a result, a net payout to creditors at this time would result in virtually all of the estate proceeds being paid to three insiders of the Debtor, to the disadvantage of all other creditors. Moreover, the Defendants' purported creditor relationships with the Debtor are undermined by the substance of the transactions giving rise to the Defendants' claims.

9.      By this complaint, the Trustee seeks to void or equitably subordinate the Defendants' liens and claims against the Debtor, in the alternative reclassify the Defendant's claims in this case, disgorge any preferential pre-petition payments made to the Defendants from the Debtor's estate, and obtain related relief.

## ALLEGATIONS COMMON TO ALL COUNTS

### The Parties

10.     At the time of filing of its Chapter 7 case, the Debtor was a Florida corporation principally engaged in the construction business.

11.     Defendant Robert Fairbrother is a principal shareholder of the Debtor who owns 50% of the Debtor's equity, and is also the Debtor's former President.

12.     Defendant Bret R. Fairbrother is the the Debtor's current Vice President, and is also the President/Director of Defendant Fairbrother Transport, Inc.

13.     Defendant Fairbrother Transport, Inc. is a Florida corporation which is, upon information and belief, a closely related entity to the Debtor.

### The Promissory Notes

14.     On or about May 1, 2012, Defendant Robert Fairbrother, acting as the Debtor's President and on behalf of the Debtor, executed a promissory note in the amount of $400,000.00 in favor of himself, a copy of which is attached hereto as "Exhibit A".

15.     Also on or about May 1, 2012, Defendant Robert Fairbrother, acting as the Debtor's President and on behalf of the Debtor, executed a promissory note in the amount of $200,000.00 in favor of Defendant Bret R. Fairbrother, a copy of which is attached hereto as "Exhibit B".

16.     On or about November 13, 2013, Defendant Robert Fairbrother, acting as the Debtor's President and on behalf of the Debtor, executed a promissory note in the amount of $40,000.00 in favor of Defendant Fairbrother Transport, Inc., a copy of which is attached hereto as "Exhibit C".

17.     Shortly thereafter, on or about December 11, 2013, Defendant Robert Fairbrother, acting as the Debtor's President and on behalf of the Debtor, executed an additional promissory

note in the amount of $45,000.00 in favor of Defendant Fairbrother Transport, Inc., a copy of which is attached hereto as "Exhibit D".

### *Defendants' Proofs of Claim*

18.     Defendant Robert Fairbrother filed his proof of claim against the Debtor on April 10, 2014, seeking payment of $326,500.00 in amounts allegedly still owed to him by the Debtor on account of the May 1, 2012 promissory note attached hereto as "Exhibit A" [Claim No. 10].

19.     Defendant Bret R. Fairbrother also filed his proof of claim against the Debtor on April 10, 2014, seeking payment of $90,000.00 in amounts allegedly still owed to him by the Debtor on account of his May 1, 2012 promissory note attached hereto as "Exhibit B" [Claim No. 11].

20.     Defendant Fairbrother Transport, Inc. also filed its proof of claim on April 10, 2014, seeking payment of $120,650.00 in amounts allegedly owed to it, in part, on account of the promissory notes attached hereto as exhibits "C" and "D" [Claim No. 9].

## <u>COUNT I</u>
### (Equitable Subordination 11 U.S.C. § 510(c) - as to all Defendants)

21.     Trustee re-alleges and reincorporates all of the allegations set forth in paragraphs 1 through 20 above.

22.     The Defendants are all engaging in inequitable misconduct. Specifically, the Defendants, having used their respective positions as insiders/affiliates of the Debtor to make pre-petition, alleged loans to the Debtor on favorable terms, are now seeking repayment of these loans even though the Defendants themselves controlled the Debtor through the period of financial hardship which forced the Debtor into bankruptcy.

23.     This inequitable misconduct has conferred an unfair advantage on the Defendants, who now stand to receive the vast majority of the assets of the Debtor's estate, thereby causing injury to the Debtor's other creditors.

24.     Equitable subordination of Defendant's claims as proposed herein would not be inconsistent with the provisions of the Bankruptcy Code and, indeed, would promote equity among all creditor constituencies by rectifying the type of misconduct engaged in by Defendants to gain an unfair advantage for themselves in the Debtor's bankruptcy case.

WHEREFORE, as an alternative to re-classifying Robert Fairbrother's claim as equity, and as a remedy for the misconduct of all other Defendants, the Trustee respectfully requests this Court exercise its power under 11 U.S.C. § 510(c) to subordinate all of the Defendants' claims to those of the Debtor's other creditors, and grant such further relief as the Court deems just and proper.

<u>**COUNT II**</u>
**(Recharacterization of Debt to Equity – As to Robert Fairbrother)**

25.     Trustee re-alleges and reincorporates all of the allegations set forth in paragraphs 1 through 20 above.

26.     This is an action to re-characterize Robert Fairbrother's alleged loans from a debt interest in the Debtor to an equity interest.

27.     As listed in the Debtor's Statement of Financial Affairs, Robert Fairbrother holds a fifty-percent ownership interest in the Debtor [D.E. 1, pg. 31]

28.     The totality of the circumstances surrounding the purported loans made by Robert Fairbrother to the Debtor, and the economic realities of such loans, together reflect the existence of an equity interest in the Debtor, not an interest based on a traditional arm's length debtor-creditor relationship.

WHEREFORE, the Trustee respectfully requests that this Court enter an order re-characterizing all loans made by Robert Fairbrother to the Debtor from debt interests to equity interests / capital contributions and grant such further relief as the Court deems just and proper.

## COUNT III
### (Recovery of Preference Payments 11 U.S.C. § 547 - as to Bret Fairbrother)

29.     Trustee re-alleges and reincorporates all of the allegations set forth in paragraphs 1 through 20 above.

30.     This is an action against Defendant Bret R. Fairbrother to recover the value of certain preferential transfers pursuant to Sections 547 and 550 of the Bankruptcy Code.

31.     As further set forth below, Defendant Bret Fairbrother was the recipient of an interest of the Debtor in property, including, without limitation, certain payments made in accordance with the Defendant's Promissory Note.

32.     The Defendant's Promissory Note lists an amount allegedly loaned to the Debtor of $200,000.00, yet Defendant's proof of claim is for only $90,000.00. Therefore, the Debtor presumably made pre-petition payment(s) or other transfer(s) in the amount of $110,000.00, excluding interest, to the Defendant on account of Defendant's alleged loan.

33.     Upon information and belief, such transfers were made during the period from January 28, 2013 through the Petition Date (the "Preference Period"), while the Debtor was insolvent.

34.     Defendant claims that such transfer(s) were made for or on account of an antecedent debt owed by the Debtor to Defendant before such transfer(s) were made.

35.     At all times pertinent, the Defendant was an affiliate of the Debtor, in control of the Debtor, or was otherwise an insider of the Debtor.

6

36.     Upon information and belief, at least a portion of the transfer(s) were made on or before one year prior to the Petition Date.

37.     The transfer(s) enabled Defendant to receive more than he would have received if the transfer(s) had not been made and Defendant had received payment of such alleged debt to the extent provided by the provisions of the Bankruptcy Code.

38.     Defendant is thus liable to the estate for an amount not less than that portion of the $110,000.00 which was paid by the Debtor to the Defendant during the Preference Period, and any interest paid thereon, or such higher amount as is proven at trial.

WHEREFORE the Trustee requests this Court enter judgment against the Defendants, in an amount not less than those amounts listed in paragraph 38 above, or such higher amount as is proven at trial.

## COUNT IV
**(Recovery of Preference Payments 11 U.S.C. § 547 - as to Robert Fairbrother)**

39.     Trustee re-alleges and reincorporates all of the allegations set forth in paragraphs 1 through 20 above.

40.     This is an action against Defendant Robert Fairbrother to recover the value of certain preferential transfers pursuant to Sections 547 and 550 of the Bankruptcy Code.

41.     As further set forth below, Defendant Robert Fairbrother was the recipient of an interest of the Debtor in property, including, without limitation, certain payments made in accordance with the Defendant's Promissory Note.

42.     The Defendant's Promissory Note lists an amount allegedly loaned to the Debtor of $400,000.00, yet Defendant's proof of claim is for only $326,500.00. Therefore, the Debtor presumably made pre-petition payment(s) or other transfer(s) in the amount of $73,500.00, excluding interest, to the Defendant on account of Defendant's alleged loan.

43.     Upon information and belief, such transfers were made during the Preference Period, while the Debtor was insolvent.

44.     Defendant claims that such transfer(s) were made for or on account of an antecedent debt owed by the Debtor to Defendant before such transfer(s) were made.

45.     At all times pertinent, the Defendant was an affiliate of the Debtor, in control of the Debtor, or was otherwise an insider of the Debtor.

46.     Upon information and belief, at least a portion of the transfer(s) were made on or before one year prior to the Petition Date.

47.     The transfer(s) enabled Defendant to receive more than he would have received if the transfer(s) had not been made and Defendant had received payment of such alleged debt to the extent provided by the provisions of the Bankruptcy Code.

48.     Defendant is thus liable to the estate for an amount not less than that portion of the $73,500.00 which was paid by the Debtor to the Defendant during the Preference Period, and any interest paid thereon, or such higher amount as is proven at trial.

WHEREFORE the Trustee requests this Court enter judgment against the Defendants, in an amount not less than those amounts listed in paragraph 48 above, or such higher amount as is proven at trial.

Respectfully submitted,

**MARSHALL SOCARRAS GRANT, P.L.**
Attorneys for Kenneth Welt, Chapter 7 Trustee
197 South Federal Highway, Suite 300
Boca Raton, Florida  33432
Telephone No. 561.361.1000
Facsimile No. 561.672.7581
Email:  jgrant@msglaw.com


By:   /s/ Joe M. Grant
         JOE M. GRANT
         Florida Bar No. 137758
         STEPHEN J. LEARY
         Florida Bar. No. 111599

## AMENDED RENDEWAL REVOLVING CREDIT
## PROMISSORY NOTE

$400,000.00                                         May 1, 2012

 FOR VALUE RECEIVED, the undersigned ("Borrower") promises to pay to the order of, **ROBERT FAIRBROTHER,** 3501 S.W. 46th Avenue Fort Lauderdale, Florida 33314 ("Lender"), and or assigns at the principal sum of **FOUR HUNDRED THOUSAND AND NO/100 DOLLARS ($400,000.00),** or so much thereof as may be advanced from time to time, together with interest thereon as hereinafter provided; both principal and interest being payable in lawful money of the United States or its equivalent, said principal and interest to be payable on the dates and in the amounts specified below, to-wit:

 **PAYMENT OF THE OUTSTANDING PRINCIPAL BALANCE TOGETHER WITH ACCRUED INTEREST SHALL BE DUE IN FULL AND PAYABLE FROM TIME TO TIME UPON DEMAND OF HOLDER, BUT IF NOT DEMANDED SOONER THEN ON MAY 1, 2015.**

 This Note shall bear interest from the date hereof at a per annum rate of **five percent (5%)**. The principal and interest shall be payable in lawful money of the United States of America, at such place as the Holder hereof may designate in writing.

 This Note is a revolving credit obligation. Within the limits and subject to the terms and conditions of this Note and the Mortgage described below, and the Borrower may borrow, repay and re-borrow under the revolving line of credit evidenced by this Note all borrowings and borrowings shall be evidenced by and subject to the terms, conditions and limitations of this Note and the Mortgage. Each request shall be in writing. Funds may be advanced hereunder subject to the provisions of this Note, and the Mortgage, so long as (a) Borrower is not in default hereunder; (b) said advances do not cause the outstanding principal balance hereunder to exceed the face amount of this note; (c) this Note has not been repaid in full. The total amount of indebtedness hereunder may increase or decrease from time to time; however, the total unpaid principal balance at any time shall not exceed **FOUR HUNDRED THOUSAND AND NO/100 DOLLARS ($400,000.00).**

 The Borrower may prepay this Note in full or in part at any time.

 If default be made in the payment of any installment due under this Note for a period of fifteen (15) days from the date of such payment, or if default be made under any of the other terms of this Note for a period of thirty (30) days, then, without prior notice to Borrower, the whole of the principal sum and accrued interest shall become at once due and payable at the option of lender, together with (to the extent permitted under applicable laws) costs and attorneys' fees incurred by Lender in collecting or enforcing payment thereof, or protecting the security hereof, whether suit be brought or not. Such costs and attorneys' fees shall include, but not be limited to, attorneys' fees incurred by Lender in any and all judicial bankruptcy, reorganization, administrative or other



EXHIBIT

A

proceedings, including appellate proceedings, whether such proceedings arise before or after entry of final judgment. Each maker, endorser and guarantor, jointly and severally agree to pay all such costs of collection and attorneys' fees, in the event of a default hereunder or default under the Mortgage, or in the event it becomes necessary to protect the security hereof, whether suit be brought or not. The whole of the principal sum, and to the extent permitted by law, any accrued interest shall bear interest at the highest rate permitted under law while this Note is delinquent or in default, whether or not resulting from acceleration.

Default at maturity shall not require any notice.

Provided Lender has not exercised its right to accelerate this Note as herein provided, and without in an any way limiting said right in the event any required payment on this Note is not received by Lender within fifteen (15) days after said payment is due, Borrower shall pay the holder hereof a late charge of five percent (5%) of the payment not so received, the parties agreeing that said charge is a fair and reasonable charge toward the late payment and shall not be deemed a penalty.

Upon the passage of any applicable grace period, and after notice when required by other applicable provisions, Lender may declare this Note immediately due and payable either; (i) when permitted under the provisions of the Mortgage; (ii) upon any default in the payment of sum due hereunder; or (iii) upon the insolvency, bankruptcy, or dissolution of Borrower. After maturity, this Note shall bear interest at the highest lawful rate.

The remedies of lender as provided herein and in the Mortgage shall be cumulative and concurrent and may be pursued singly, successively, or together at the sole discretion of Lender and may be exercised as often as occasion therefore shall arise. No act of omission or commission of Lender, including specifically any failure to exercise any right, remedy, or recourse, shall be effective unless it is set forth in a written document executed by Lender, and then only to the extent specifically recited therein. A waiver or release with reference to one event shall not be construed as continuing and a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to any subsequent event.

Borrower and all sureties, endorsers, and guarantors of this Note hereby (a) waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, and all other notice, filing of suit, and diligence in collection of this note, in enforcing any of the security rights set forth herein or in proceeding against any of the mortgaged property covered by the mortgage, (b) agree to any substitution, exchange, addition or release of any party or person primarily or secondarily liable thereon, (c) agree that Lender shall not be required first to institute any suit or to exhaust his, their, or its remedies against Borrower, (d) agree to any release, surrender, exchange or substitution of any real estate security or other collateral security now held or which hereafter be held as security for this Note, (e) consent to any extension, rearrangement renewal or postponement of time of payment of this Note and to any other indulgence with respect thereto without notice, consent or consideration to any of then, and (f) agree that, notwithstanding the occurrence of any of the foregoing (except the express written release by Lender or any such person), they shall be and remain jointly and severally, directly, and primarily liable for all sums due under this Note and the Mortgage.

Nothing herein contained, nor any instrument or transaction related hereto, shall be construed or so operate as to require Borrower, or any person liable for the payment of the loan made pursuant to this Note, to pay interest in an amount or at a rate greater than the maximum allowed by law. Should any interest or other charges paid by Borrower, or any parties liable for the payment of the loan made pursuant to this Note result in the computation or earning of interest in excess of the maximum rate of interest allowed by law, then any and all such excess shall be and the same is hereby waived by Lender and all such excess shall be automatically credited against and in reduction of the principal balance, and any portion of said excess which exceeds the principal balance shall be paid by Lender to Borrower and any parties liable for the payment of this Note, it being the intent of the parties liable for payment of the loan hereunder, be required to pay interest in excess of the maximum rate allowed by law.

When used in this Note, the singular number shall include the plural, the plural the singular, and the masculine shall include the feminine and the neuter, and the words "Borrower" and "Lender" shall be deemed to include Borrower and Lender named in the opening paragraph of this Note and their respective successors and assigns, if any.  It is expressly understood and agreed that Lender shall never be construed for any purpose as a partner, joint venturer, co-principal, or associate of Borrower or of any person or party claiming, by, through or under Borrower in the conduct of their respective businesses.

This Note is executed and delivered in the State of Florida and shall be construed and enforced in accordance with Florida law.

In the event of invalidity of any provision of this Note or of any provision of the Mortgage, same shall be deemed stricken and the balance of the provisions of this Note and such documents shall remain in full force and effect as if the offending provision never existed.

The term "Borrower" as used herein shall include not only the payee herein, but Borrower's successors and assigns and all holders of this Note.

FILIGREE WIDESLAB OF FLORIDA, INC., a Florida corporation

BY: _____
Robert Fairbrother, as its President

## AMENDED RENDEWAL REVOLVING CREDIT
## PROMISSORY NOTE

$200,000.00                                               May 1, 2012

     FOR VALUE RECEIVED, the undersigned ("Borrower") promises to pay to the order of, **BRET R. FAIRBROTHER,** 3501 S.W. 46th Avenue Fort Lauderdale, Florida 33314 ("Lender"), and or assigns at the principal sum of **TWO HUNDRED THOUSAND AND NO/100 DOLLARS ($200,000.00),** or so much thereof as may be advanced from time to time, together with interest thereon as hereinafter provided; both principal and interest being payable in lawful money of the United States or its equivalent, said principal and interest to be payable on the dates and in the amounts specified below, to-wit:

     **PAYMENT OF THE OUTSTANDING PRINCIPAL BALANCE TOGETHER WITH ACCRUED INTEREST SHALL BE DUE IN FULL AND PAYABLE FROM TIME TO TIME UPON DEMAND OF HOLDER, BUT IF NOT DEMANDED SOONER THEN ON MAY 1, 2015.**

     This Note shall bear interest from the date hereof at a per annum rate of **five percent (5%)**. The principal and interest shall be payable in lawful money of the United States of America, at such place as the Holder hereof may designate in writing.

     This Note is a revolving credit obligation.  Within the limits and subject to the terms and conditions of this Note and the Mortgage described below, and the Borrower may borrow, repay and reborrow under the revolving line of credit evidenced by this Note all borrowings and borrowings shall be evidenced by and subject to the terms, conditions and limitations of this Note and the Mortgage.  Each request shall be in writing.  Funds may be advanced hereunder subject to the provisions of this Note, and the Mortgage, so long as (a) Borrower is not in default hereunder; (b) said advances do not cause the outstanding principal balance hereunder to exceed the face amount of this note; (c) this Note has not been repaid in full.  The total amount of indebtedness hereunder may increase or decrease from time to time; however, the total unpaid principal balance at any time shall not exceed **TWO HUNDRED THOUSAND AND NO/100 DOLLARS ($200,000.00).**

     The Borrower may prepay this Note in full or in part at any time.

     If default be made in the payment of any installment due under this Note for a period of fifteen (15) days from the date of such payment, or if default be made under any of the other terms of this Note for a period of thirty (30) days, then, without  prior notice to Borrower, the whole of the principal sum and accrued interest shall become at once due and payable at the option of lender, together with (to the extent permitted under applicable laws) costs and attorneys' fees incurred by Lender in collecting or enforcing payment thereof, or protecting the security hereof, whether suit be brought or not.  Such costs and attorneys' fees shall include, but not be limited to, attorneys' fees



incurred by Lender in any and all judicial bankruptcy, reorganization, administrative or other proceedings, including appellate proceedings, whether such proceedings arise before or after entry of final judgment. Each maker, endorser and guarantor, jointly and severally agree to pay all such costs of collection and attorneys' fees, in the event of a default hereunder or default under the Mortgage, or in the event it becomes necessary to protect the security hereof, whether suit be brought or not. The whole of the principal sum, and to the extent permitted by law, any accrued interest shall bear interest at the highest rate permitted under law while this Note is delinquent or in default, whether or not resulting from acceleration.

Default at maturity shall not require any notice.

Provided Lender has not exercised its right to accelerate this Note as herein provided, and without in an any way limiting said right in the event any required payment on this Note is not received by Lender within fifteen (15) days after said payment is due, Borrower shall pay the holder hereof a late charge of five percent (5%) of the payment not so received, the parties agreeing that said charge is a fair and reasonable charge toward the late payment and shall not be deemed a penalty.

Upon the passage of any applicable grace period, and after notice when required by other applicable provisions, Lender may declare this Note immediately due and payable either; (i) when permitted under the provisions of the Mortgage; (ii) upon any default in the payment of sum due hereunder; or (iii) upon the insolvency, bankruptcy, or dissolution of Borrower. After maturity, this Note shall bear interest at the highest lawful rate.

The remedies of lender as provided herein and in the Mortgage shall be cumulative and concurrent and may be pursued singly, successively, or together at the sole discretion of Lender and may be exercised as often as occasion therefore shall arise. No act of omission or commission of Lender, including specifically any failure to exercise any right, remedy, or recourse, shall be effective unless it is set forth in a written document executed by Lender, and then only to the extent specifically recited therein. A waiver or release with reference to one event shall not be construed as continuing and a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to any subsequent event.

Borrower and all sureties, endorsers, and guarantors of this Note hereby (a) waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, and all other notice, filing of suit, and diligence in collection of this note, in enforcing any of the security rights set forth herein or in proceeding against any of the mortgaged property covered by the mortgage, (b) agree to any substitution, exchange, addition or release of any party or person primarily or secondarily liable thereon, (c) agree that Lender shall not be required first to institute any suit or to exhaust his, their, or its remedies against Borrower, (d) agree to any release, surrender, exchange or substitution of any real estate security or other collateral security now held or which hereafter be held as security for this Note, (e) consent to any extension, rearrangement renewal or postponement of time of payment of this Note and to any other indulgence with respect thereto without notice, consent or consideration to any of then, and (f) agree that, notwithstanding the occurrence of any of the foregoing (except the express written release by Lender or any such person), they shall be and remain jointly and severally, directly,

and primarily liable for all sums due under this Note and the Mortgage.

Nothing herein contained, nor any instrument or transaction related hereto, shall be construed or so operate as to require Borrower, or any person liable for the payment of the loan made pursuant to this Note, to pay interest in an amount or at a rate greater than the maximum allowed by law. Should any interest or other charges paid by Borrower, or any parties liable for the payment of the loan made pursuant to this Note result in the computation or earning of interest in excess of the maximum rate of interest allowed by law, then any and all such excess shall be and the same is hereby waived by Lender and all such excess shall be automatically credited against and in reduction of the principal balance, and any portion of said excess which exceeds the principal balance shall be paid by Lender to Borrower and any parties liable for the payment of this Note, it being the intent of the parties liable for payment of the loan hereunder, be required to pay interest in excess of the maximum rate allowed by law.

When used in this Note, the singular number shall include the plural, the plural the singular, and the masculine shall include the feminine and the neuter, and the words "Borrower" and "Lender" shall be deemed to include Borrower and Lender named in the opening paragraph of this Note and their respective successors and assigns, if any.  It is expressly understood and agreed that Lender shall never be construed for any purpose as a partner, joint venturer, co-principal, or associate of Borrower or of any person or party claiming, by, through or under Borrower in the conduct of their respective businesses.

This Note is executed and delivered in the State of Florida and shall be construed and enforced in accordance with Florida law.

In the event of invalidity of any provision of this Note or of any provision of the Mortgage, same shall be deemed stricken and the balance of the provisions of this Note and such documents shall remain in full force and effect as if the offending provision never existed.

The term "Borrower" as used herein shall include not only the payee herein, but Borrower's successors and assigns and all holders of this Note.

FILIGREE WIDESLAB OF FLORIDA, INC., a Florida corporation

BY: _____
Robert Fairbrother, as its President

### <u>REVOLVING CREDIT</u>
### <u>PROMISSORY NOTE</u>

$40,000.00                                                    November 13, 2013

      FOR VALUE RECEIVED, the undersigned ("Borrower") promises to pay to the order of, **FAIRBROTHER TRANSPORT, INC.,** P.O. Box 388, Cashiers, North Carolina 28717 ("Lender"), and or assigns at the principal sum of **FORTY THOUSAND AND NO/100 DOLLARS ($40,000.00),** or so much thereof as may be advanced from time to time, together with interest thereon as hereinafter provided; both principal and interest being payable in lawful money of the United States or *its equivalent, said principal and interest to be payable on the dates and in the amounts specified below, to-wit:*

      **PAYMENT OF THE OUTSTANDING PRINCIPAL BALANCE TOGETHER WITH ACCRUED INTEREST SHALL BE DUE IN FULL AND PAYABLE FROM TIME TO TIME UPON DEMAND OF HOLDER, BUT IF NOT DEMANDED SOONER THEN ON NOVEMBER 13, 2015.**

      This Note shall bear interest from the date hereof at a per annum rate of **five percent (5%).** The principal and interest shall be payable in lawful money of the United States of America, at such place as the Holder hereof may designate in writing.

      This Note is a revolving credit obligation.  Within the limits and subject to the terms and conditions of this Note and the Mortgage described below, and the Borrower may borrow, repay and reborrow under the revolving line of credit evidenced by this Note all borrowings and borrowings shall be evidenced by and subject to the terms, conditions and limitations of this Note and the Mortgage. Each request shall be in writing.  Funds may be advanced hereunder subject to the provisions of this Note, and the Mortgage, so long as (a) Borrower is not in default hereunder; (b) said advances do not cause the outstanding principal balance hereunder to exceed the face amount of this note; (c) this Note has not been repaid in full.  The total amount of indebtedness hereunder may increase or decrease from time to time; however, the total unpaid principal balance at any time shall not exceed **FORTY THOUSAND AND NO/100 DOLLARS ($40,000.00).**

      The Borrower may prepay this Note in full or in part at any time.

      If default be made in the payment of any installment due under this Note for a period of fifteen (15) days from the date of such payment, or if default be made under any of the other terms of this Note for a period of thirty (30) days, then, without   prior notice to Borrower, the whole of the principal sum and accrued interest shall become at once due and payable at the option of lender, together with (to the extent permitted under applicable laws) costs and attorneys' fees incurred by Lender in collecting or enforcing payment thereof, or protecting the security hereof, whether suit be brought or not.  Such costs and attorneys' fees shall include, but not be limited to, attorneys' fees incurred by Lender in any and all judicial bankruptcy, reorganization, administrative or other proceedings, including appellate proceedings, whether such proceedings arise before or after entry of final judgment.  Each maker, endorser and guarantor, jointly and severally agree to pay all such costs of collection and attorneys'



fees, in the event of a default hereunder or default under the Mortgage, or in the event it becomes necessary to protect the security hereof, whether suit be brought or not. The whole of the principal sum, and to the extent permitted by law, any accrued interest shall bear interest at the highest rate permitted under law while this Note is delinquent or in default, whether or not resulting from acceleration.

Default at maturity shall not require any notice.

Provided Lender has not exercised its right to accelerate this Note as herein provided, and without in an any way limiting said right in the event any required payment on this Note is not received by Lender within fifteen (15) days after said payment is due, Borrower shall pay the holder hereof a late charge of five percent (5%) of the payment not so received, the parties agreeing that said charge is a fair and reasonable charge toward the late payment and shall not be deemed a penalty.

Upon the passage of any applicable grace period, and after notice when required by other applicable provisions, Lender may declare this Note immediately due and payable either; (i) when permitted under the provisions of the Mortgage; (ii) upon any default in the payment of sum due hereunder; or (iii) upon the insolvency, bankruptcy, or dissolution of Borrower. After maturity, this Note shall bear interest at the highest lawful rate.

The remedies of lender as provided herein and in the Mortgage shall be cumulative and concurrent and may be pursued singly, successively, or together at the sole discretion of Lender and may be exercised as often as occasion therefore shall arise. No act of omission or commission of Lender, including specifically any failure to exercise any right, remedy, or recourse, shall be effective unless it is set forth in a written document executed by Lender, and then only to the extent specifically recited therein. A waiver or release with reference to one event shall not be construed as continuing and a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to any subsequent event.

Borrower and all sureties, endorsers, and guarantors of this Note hereby (a) waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, and all other notice, filing of suit, and diligence in collection of this note, in enforcing any of the security rights set forth herein or in proceeding against any of the mortgaged property covered by the mortgage, (b) agree to any substitution, exchange, addition or release of any party or person primarily or secondarily liable thereon, (c) agree that Lender shall not be required first to institute any suit or to exhaust his, their, or its remedies against Borrower, (d) agree to any release, surrender, exchange or substitution of any real estate security or other collateral security now held or which hereafter be held as security for this Note, (e) consent to any extension, rearrangement renewal or postponement of time of payment of this Note and to any other indulgence with respect thereto without notice, consent or consideration to any of then, and (f) agree that, notwithstanding the occurrence of any of the foregoing (except the express written release by Lender or any such person), they shall be and remain jointly and severally, directly, and primarily liable for all sums due under this Note and the Mortgage.

Nothing herein contained, nor any instrument or transaction related hereto, shall be construed or so operate as to require Borrower, or any person liable for the payment of the loan made pursuant to this Note, to pay interest in an amount or at a rate greater than the maximum allowed by law. Should any interest or other charges paid by Borrower, or any parties liable for the payment of the loan made

pursuant to this Note result in the computation or earning of interest in excess of the maximum rate of interest allowed by law, then any and all such excess shall be and the same is hereby waived by Lender and all such excess shall be automatically credited against and in reduction of the principal balance, and any portion of said excess which exceeds the principal balance shall be paid by Lender to Borrower and any parties liable for the payment of this Note, it being the intent of the parties liable for payment of the loan hereunder, be required to pay interest in excess of the maximum rate allowed by law.

When used in this Note, the singular number shall include the plural, the plural the singular, and the masculine shall include the feminine and the neuter, and the words "Borrower" and "Lender" shall be deemed to include Borrower and Lender named in the opening paragraph of this Note and their respective successors and assigns, if any.   It is expressly understood and agreed that Lender shall never be construed for any purpose as a partner, joint venturer, co-principal, or associate of Borrower or of any person or party claiming, by, through or under Borrower in the conduct of their respective businesses.

This Note is executed and delivered in the State of Florida and shall be construed and enforced in accordance with Florida law.

In the event of invalidity of any provision of this Note or of any provision of the Mortgage, same shall be deemed stricken and the balance of the provisions of this Note and such documents shall remain in full force and effect as if the offending provision never existed.

The term "Borrower" as used herein shall include not only the payee herein, but Borrower's successors and assigns and all holders of this Note.

FILIGREE WIDESLAB OF FLORIDA, INC., a Florida corporation

BY: _____

Robert Fairbrother, as its President

## REVOLVING CREDIT
## PROMISSORY NOTE

$45,000.00                                                    December 11, 2013

     FOR VALUE RECEIVED, the undersigned ("Borrower") promises to pay to the order of, **FAIRBROTHER TRANSPORT, INC.,** P.O. Box 388, Cashiers, North Carolina 28717 ("Lender"), and or assigns at the principal sum of **FORTY FIVE THOUSAND AND NO/100 DOLLARS ($45,000.00),** or so much thereof as may be advanced from time to time, together with interest thereon as hereinafter provided; both principal and interest being payable in lawful money of the United States or its equivalent, said principal and interest to be payable on the dates and in the amounts specified below, to-wit:

     **PAYMENT OF THE OUTSTANDING PRINCIPAL BALANCE TOGETHER WITH ACCRUED INTEREST SHALL BE DUE IN FULL AND PAYABLE FROM TIME TO TIME UPON DEMAND OF HOLDER, BUT IF NOT DEMANDED SOONER THEN ON DECEMBER 11, 2015.**

     This Note shall bear interest from the date hereof at a per annum rate of **five percent (5%)**. The principal and interest shall be payable in lawful money of the United States of America, at such place as the Holder hereof may designate in writing.

     This Note is a revolving credit obligation.  Within the limits and subject to the terms and conditions of this Note and the Mortgage described below, and the Borrower may borrow, repay and re-borrow under the revolving line of credit evidenced by this Note all borrowings and borrowings shall be evidenced by and subject to the terms, conditions and limitations of this Note and the Mortgage.  Each request shall be in writing.  Funds may be advanced hereunder subject to the provisions of this Note, and the Mortgage, so long as (a) Borrower is not in default hereunder; (b) said advances do not cause the outstanding principal balance hereunder to exceed the face amount of this note; (c) this Note has not been repaid in full.  The total amount of indebtedness hereunder may increase or decrease from time to time; however, the total unpaid principal balance at any time shall not exceed **FORTY FIVE THOUSAND AND NO/100 DOLLARS ($45,000.00).**

     The Borrower may prepay this Note in full or in part at any time.

     If default be made in the payment of any installment due under this Note for a period of fifteen (l5) days from the date of such payment, or if default be made under any of the other terms of this Note for a period of thirty (30) days, then, without   prior notice to Borrower, the whole of the principal sum and accrued interest shall become at once due and payable at the option of lender, together with (to the extent permitted under applicable laws) costs and attorneys' fees incurred by Lender in collecting or enforcing payment thereof, or protecting the security hereof, whether suit be brought or not.  Such costs and attorneys' fees shall include, but not be limited to, attorneys' fees incurred by Lender in any and all judicial bankruptcy, reorganization, administrative or other proceedings, including appellate proceedings, whether such proceedings arise before or after entry of final judgment.  Each maker, endorser and guarantor, jointly and severally agree to pay all such costs of collection and attorneys'



fees, in the event of a default hereunder or default under the Mortgage, or in the event it becomes necessary to protect the security hereof, whether suit be brought or not.   The whole of the principal sum, and to the extent permitted by law, any accrued interest shall bear interest at the highest rate permitted under law while this Note is delinquent or in default, whether or not resulting from acceleration.

Default at maturity shall not require any notice.

Provided Lender has not exercised its right to accelerate this Note as herein provided, and without in an any way limiting said right in the event any required payment on this Note is not received by Lender within fifteen (15) days after said payment is due, Borrower shall pay the holder hereof a late charge of five percent (5%) of the payment not so received, the parties agreeing that said charge is a fair and reasonable charge toward the late payment and shall not be deemed a penalty.

Upon the passage of any applicable grace period, and after notice when required by other applicable provisions, Lender may declare this Note immediately due and payable either; (i) when permitted under the provisions of the Mortgage; (ii) upon any default in the payment of sum due hereunder; or (iii) upon the insolvency, bankruptcy, or dissolution of Borrower.   After maturity, this Note shall bear interest at the highest lawful rate.

The remedies of lender as provided herein and in the Mortgage shall be cumulative and concurrent and may be pursued singly, successively, or together at the sole discretion of Lender and may be exercised as often as occasion therefore shall arise.   No act of omission or commission of Lender, including specifically any failure to exercise any right, remedy, or recourse, shall be effective unless it is set forth in a written document executed by Lender, and then only to the extent specifically recited therein.   A waiver or release with reference to one event shall not be construed as continuing and a bar to, or as a waiver or release of, any subsequent right, remedy or recourse as to any subsequent event.

Borrower and all sureties, endorsers, and guarantors of this Note hereby (a) waive demand, presentment for payment, notice of nonpayment, protest, notice of protest, and all other notice,   filing of suit, and diligence in collection of this note, in enforcing any of the security rights set forth herein or in proceeding against any of the mortgaged property covered by the mortgage, (b) agree to any substitution, exchange, addition or release of any party or person primarily or secondarily liable thereon, (c) agree that Lender shall not be required first to institute any suit or to exhaust his, their, or its remedies against Borrower, (d) agree to any release, surrender, exchange or substitution of any real estate security or other collateral security now held or which hereafter be held as security for this Note, (e) consent to any extension, rearrangement renewal or postponement of time of payment of this Note and to any other indulgence with respect thereto without notice, consent or consideration to any of then, and (f) agree that, notwithstanding the occurrence of any of the foregoing (except the express written release by Lender or any such person), they shall be and remain jointly and severally, directly, and primarily liable for all sums due under this Note and the Mortgage.

Nothing herein contained, nor any instrument or transaction related hereto, shall be construed or so operate as to require Borrower, or any person liable for the payment of the loan made pursuant to this Note, to pay interest in an amount or at a rate greater than the maximum allowed by law.   Should any interest or other charges paid by Borrower, or any parties liable for the payment of the loan made

pursuant to this Note result in the computation or earning of interest in excess of the maximum rate of interest allowed by law, then any and all such excess shall be and the same is hereby waived by Lender and all such excess shall be automatically credited against and in reduction of the principal balance, and any portion of said excess which exceeds the principal balance shall be paid by Lender to Borrower and any parties liable for the payment of this Note, it being the intent of the parties liable for payment of the loan hereunder, be required to pay interest in excess of the maximum rate allowed by law.

When used in this Note, the singular number shall include the plural, the plural the singular, and the masculine shall include the feminine and the neuter, and the words "Borrower" and "Lender" shall be deemed to include Borrower and Lender named in the opening paragraph of this Note and their respective successors and assigns, if any.   It is expressly understood and agreed that Lender shall never be construed for any purpose as a partner, joint venturer, co-principal, or associate of Borrower or of any person or party claiming, by, through or under Borrower in the conduct of their respective businesses.

This Note is executed and delivered in the State of Florida and shall be construed and enforced in accordance with Florida law.

In the event of invalidity of any provision of this Note or of any provision of the Mortgage, same shall be deemed stricken and the balance of the provisions of this Note and such documents shall remain in full force and effect as if the offending provision never existed.

The term "Borrower" as used herein shall include not only the payee herein, but Borrower's successors and assigns and all holders of this Note.

FILIGREE WIDESLAB OF FLORIDA, INC., a Florida corporation

BY: _____

Robert Fairbrother, as its President